**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

       *Plaintiff*,

   v.

CHARLES GIUSTRA,

       *Defendant*.

Crim. No. 14-388

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court by way of Defendant Charles Giustra's motion for early termination of his supervised release. D.E. 135. The Government filed opposition, D.E. 137, to which Defendant replied, D.E. 138. The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the following reasons, Defendant's motion is denied.

### I.    BACKGROUND

    The parties do not dispute the underlying facts. Defendant has been convicted several times of federal felony offenses. Although he seeks early termination in this district, a conviction in the Southern District of New York also provides necessary background. In December 2013, Defendant pled guilty in the Southern District, under Criminal No. 13-14, to using a cellular telephone facility to facilitate a conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 843, 851. In September 2014, Defendant was sentenced to forty-six months incarceration followed by three years of supervised release. The Southern District of New York case was unrelated to the matter in this district.

Before starting his Southern District sentence, Defendant pled guilty in July 2014, before Judge Linares, to conspiracy to commit cargo theft in violation of 18 U.S.C. §§ 371, 659.  In March 2015, Judge Linares sentenced Defendant to twenty-four months, concurrent with his Southern District sentence, followed by a three-year term of supervised release.

Defendant was released from prison in 2018.  Defendant's supervised release began on May 4, 2018 and is to conclude on May 3, 2021.  In August 2020, the Southern District terminated Defendant's supervised release early.

In support of his motion, Defendant cites to a history of compliance and need for only minimal supervision.  D.E. 135-1 at 5.  Defendant also asserts that he has become a "productive member of society and successfully reintegrated."  *Id.*  Defendant explains that he has been employed full time in two business ventures in which he maintains both an ownership and managerial interest.  *Id.*  Defendant adds that he maintains a stable residence with his spouse and that he is a loving father to his adult daughter.  *Id.* at 6.  Defendant also points to his age, approximately fifty-eight, in further support of his motion.  *Id.*

In opposition, the Government points to Defendant's three federal felony convictions along with the seriousness and brazenness of his crime in the District of New Jersey.  D.E. 137 at 4.  The Government further notes that Defendant's compliance with his supervised release is required and is not a basis for early termination.  *Id.*  The Government further argues that Defendant has not demonstrated that his supervised release has been unduly burdensome.  *Id.* at 4-5.

In reply, Defendant argues that he only played a minor role in his criminal offenses.  D.E. 138 at 2.  As to the offense in the district, Defendant indicates that he was not involved in planning the offense, but also admits that he was played a critical role – he was needed to drive the tractor trailer involved.  *Id.* at 2.  Defendant also notes that his father passed when Defendant was thirteen,

forcing Defendant to work to support the family, and adds that he has a been "a hard-working, law-abiding citizen for a substantial portion of his life." *Id.* at 3. Defendant continues that since he is nearly sixty, it is unlikely that he will commit a future offense. *Id.* at 4. Defendant argues that he has also lost work because his not able to drive long distances due to his conditions of supervised release. *Id.*

## II.    LEGAL STANDARD

The statute addressing early termination of supervised release provides in pertinent part as follows:

> (e) Modification of conditions or revocation.–The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted *by the conduct of the defendant released and the interest of justice*[.]

18 U.S.C. § 3583(e)(1) (emphasis added).

The decision to terminate supervised release early is left to a court's discretion. *United States v. Smith*, 445 F.3d 713, 716 (3d Cir. 2006). To succeed on such a motion, a defendant must show that his conduct, new and unforeseen circumstances, and the interests of justice warrant the relief. *United States v. Davis*, 746 F. App'x 86, 89 (3d Cir. 2018) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Mere compliance with terms of supervised release is expected and does not support early termination; however "exceptionally good behavior" can be the basis of such a motion. *Lussier*, 104 F.3d at 36.

### III.    ANALYSIS

The Court denies Defendant's motion.  The conspiracy offense in this district was serious, and Defendant was crucial to the scheme – he was needed to drive the tractor trailer.  Moreover, Defendant has *several federal felony* convictions; his conviction in this case was not an aberration. As to Defendant's argument concerning his age, he was only sentenced six years ago in both the Southern District and this district, meaning that despite his age, he nevertheless engaged in serious criminal conduct in different jurisdictions on unrelated matters.  The Court also notes that Judge Linares ran his District of New Jersey sentence concurrent to his Southern District of New York sentence, an unusual development (and one that greatly benefited Defendant) – particularly for offenses that were not related.  As to his employment and residence, neither reflect extraordinary circumstances.  Defendant has not pointed to any unfair burden due to his continued supervised release nor has he set forth any unforeseen and new circumstances justifying early termination.

### IV.    CONCLUSION

For the foregoing reasons, and for good cause shown,

It is on this 7th day of October 2020, hereby

**ORDERED** that Defendant's motion for early termination of his supervised release, D.E. 135, is **DENIED**.

John Michael Vazquez, U.S.D.J.

4