**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. CHARLES GIUSTRA, *Defendant*. | Crim. No. 14-388 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

The Court previously entered and Opinion and Order denying Defendant Charles Giustra's motion for early termination of his supervised release.[1] D.E. 139 ("Prior Opinion"). The Government now asks the Court to reconsider its determination in light of the Third Circuit's recent decision in *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). D.E. 140. The Government submits that *Melvin* clarified the legal standards that a court must apply in ruling on a motion for early release. *Id.* At the same time, the Government asserts that in applying the standards articulated in *Melvin*, Giustra's motion should be denied. *Id.* Defendant replied to the Government's motion, agreeing to the motion for reconsideration but arguing that his motion for early termination should be granted. D.E. 142. The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the following reasons, the motion to reconsider is granted but Defendant's motion is denied.

---

[1] Defendant filed his motion for early termination of his supervised release, D.E. 135, which the Government opposed, D.E. 137, to which Defendant replied, D.E. 138.

## I.     BACKGROUND

The underlying factual background has not changed, and the Court incorporates it by way of reference from the Prior Opinion here. D.E. 139.

## II.    LEGAL STANDARD

18 U.S.C. § 3583(e)(1) provides that, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the Court may

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C. § 3583(e)(1). The § 3553(a) factors the Court must consider are

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Davies*, 746 F. App'x 86, 88 (3d Cir. 2018) (citing 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)); *accord Melvin*, 978 F.3d at 52. After considering those § 3553(a) factors, a district court may, in its discretion, terminate a period of supervised released if it is satisfied that such action "is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52. The court need not make specific findings of fact with respect to each factor—a statement that the court has considered the factors is sufficient. *Id.* (citing *United States v. Gammarano*, 321

F.3d 311, 315–16 (2d Cir. 2003)).

Recently, in *Melvin*, the Third Circuit clarified that a District Court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release. *Id.* But, the Third Circuit made clear, that does not mean such circumstances are irrelevant to granting or denying a motion for early termination of supervised release. *Id.* The court in *Melvin* explained "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* The Third Circuit continued that "[w]e think that '[g]*enerally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* (emphasis in original) (quoting *Davies*, 746 F. App'x at 89); *see also United States v. Szymanski*, No. 12-0247, 2020 WL 6515958, at *2 (W.D. Pa. Nov. 5, 2020) ("The court explained in *Melvin* that, although not required, some changed circumstances will generally be important to warrant early termination of supervised release [.]").

Because the Third Circuit recently clarified the legal standard for early termination of supervised release in *Melvin*, the Court grants the Government's motion for reconsideration. Accordingly, the Court will reconsider Defendant's motion for early termination of his supervised release in accordance with the legal standard as set forth in *Melvin*.

### III.    ANALYSIS

The Court denies Defendant's motion. In analyzing and considering the § 3353(a) factors, the Court finds that an early termination of supervised release is not appropriate. Weighing in Defendant's favor is that he has been gainfully employed, has a stable residence and family, and has not violated any conditions of his release. Nevertheless, the nature and circumstances of the

offense cut against granting the motion. The conspiracy offense in this district was serious, and Defendant was crucial to the scheme – he was needed to drive the tractor trailer. In addition, Defendant's history and circumstances along with the need for deterrence also countenance against granting the motion. Defendant has *several federal felony* convictions; his conviction in this case was not an aberration. As to Defendant's argument concerning his age, he was only sentenced approximately six years ago in both the Southern District and this district, meaning that despite his age, he nevertheless engaged in serious criminal conduct in different jurisdictions on unrelated matters. The Court also notes that Judge Linares ran his District of New Jersey sentence concurrent to his Southern District of New York sentence, an unusual development (and one that greatly benefited Defendant) – particularly for offenses that were not related. Defendant has not pointed to any unfair burden due to his continued supervised release nor has he set forth any unforeseen and new circumstances justifying early termination.

### IV.     CONCLUSION

For the foregoing reasons, and for good cause shown,

It is on this 14th day of January 2021, hereby

**ORDERED** that the Government's motion for reconsideration, D.E. 140, is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for early termination of his supervised release, D.E. 135, 142, is **DENIED**.

John Michael Vazquez, U.S.D.J.